IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VICTOR ETTERSON,**

    Plaintiff,

v.                                                                                              Civil Action No. **3:17CV334**

**RIVERSIDE REGIONAL JAIL,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on October 3, 2017, the Court directed Plaintiff to file a particularized complaint. The Court explained as follows:

> In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2-3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'staff'" or "'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

court's determination that Piedmont Regional Jail is not a "person" under § 1983). In addition, Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to particularize his Complaint in conformance with the following directions and in the order set forth below:

    a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:17CV334."

    b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b).

(ECF No. 9, at 1–2.) On October 20, 2017, the Court received a documented titled, "RETURN RESPONSE TO MEMORANDUM ORDER DATED OCT, 3, 2017." (ECF No. 10.) This Response entirely fails to follow the directives of the Court in its October 3, 2017 Memorandum Order. Plaintiff did not even attempt to follow one instruction of the Court. At most, Plaintiff appears to state that Dr. Mothusi Muja is who he intends to sue. Although Plaintiff's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty to abide by the

2

rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted). Plaintiff has refused to comply with the Court's directives in this action.

Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 11/20/17
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

3